**The STATE of Ohio, Appellee,**

v.

**MYERS, Appellant.**

[Cite as *State v. Myers* (1997), 119 Ohio App.3d 642.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97-01-024.

Decided May 27, 1997.

*Brian K. Harrison,* for appellant.

WALSH, Judge.

On December 9, 1996, defendant-appellant, Tonya Myers, telephoned her friend, Kelley Oney, and said that she was going to take "a large amount of pills and not wake up." Oney called 911. Deputy Kent Hall of the Butler County Sheriff's Office responded to the call. At Hall's request, the Madison Township Life Squad also responded. After a medical evaluation determined that Myers

was "normal," Hall charged Myers with inducing panic, a violation of R.C. 2917.31.[1]

At a pretrial hearing on December 18, 1996, the prosecution stated that "inducing panic [is not] the proper charge but false alarms is the proper charge * * *." The court amended its disposition card to show the charge as making false alarms.[2]

At a bench trial on December 26, 1996, the prosecution announced Myers's case by stating, "This is State of Ohio versus Tonya Myers. * * * The charge is false alarms, first degree misdemeanor." At the close of the evidence, the trial court found Myers "not guilty of the charge of making false alarms but guilty to [sic] the lesser included offense of disorderly conduct."[3] The judgment entry states:

---

1. R.C. 2917.31 states:
    "(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm by doing any of the following:
    "(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
    "(2) Threatening to commit any offense of violence;
    "(3) Committing any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm."

2. R.C. 2917.32 describes the crime of making false alarms; it states in part:
    "(A) No person shall do either of the following:
    "(1) Initiate or circulate a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that the report or warning is false and likely to cause public inconvenience or alarm;
    "(2) Knowingly cause a false alarm of fire or other emergency to be transmitted to or within any organization, public or private, for dealing with emergencies involving a risk of physical harm to persons or property;
    "(3) Report to any law enforcement agency an alleged offense or other incident within its concern, knowing that such offense did not occur."

3. R.C. 2917.11 (disorderly conduct) states:
    "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
    "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
    "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;
    "(3) Insulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response;
    "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
    "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.
    "(B) No person, while voluntarily intoxicated, shall do either of the following:
    "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibili-

"On December 26, 1996, the defendant appeared in open court charged with violation of Section 2917.31–1 of the Statutes of the State of Ohio, INDUCING PANIC and * * * entered a plea of NOT GUILTY to the charge of DISORDER-LY CONDUCT, Section 2917.11–1 and was found GUILTY TO AMENDED CHARGE."

Myers now appeals her conviction for disorderly conduct.

Myers presents the following assignment of error for review:

"The trial court's conviction of appellant for disorderly conduct in violation of O.R.C. 2917.11 is contrary to law and should be reversed when appellant was not charged with disorderly conduct or any offense for which disorderly conduct is a lesser included offense."

■ We begin by noting that the state has not filed a brief in this case. Under App.R. 18(C), this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." See *George v. Fannin* (1990), 67 Ohio App.3d 703, 706, 588 N.E.2d 195, 198. Here, we find that a reversal is warranted.

■ Because a court speaks through its journal, it is imperative that the court's journal reflect the truth. *Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. All "litigants have a clear legal right to have the proceedings they are involved in correctly journalized." *Id.* at 119, 551 N.E.2d at 185. Therefore, making an incorrect journal entry is a clear abuse of discretion by the trial court. *Id.* at 120, 551 N.E.2d at 185.

■ An examination of the record in this case reveals that the judgment entry filed December 26, 1996 is incorrect insofar as it reflects (1) that Myers was charged with inducing panic, (2) that she pled not guilty to disorderly conduct, and (3) that she was properly adjudicated guilty of disorderly conduct. The record of the proceedings reveals that the amended charge against Myers was making false alarms, not inducing panic. The court's own judgment entry and sentencing card, docketed as a "stay card" and filed on December 27, 1996, lists the charge as "False Alarms." Myers pled not guilty to the charge of making false alarms, and following the trial, the court stated that Myers was "not guilty *of the charge of making false alarms.*" (Emphasis added.)

■ While it is true that the trial court also found Myers guilty of "the lesser included offense of disorderly conduct," this statement does not accurately reflect

---

ties, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others;

"(2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another."

the proceedings below. Disorderly conduct is not a lesser included offense of making false alarms. See *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. Moreover, Myers was never charged with disorderly conduct; therefore, she cannot be convicted of that offense. *Jackson v. Virginia* (1979), 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560, 570–571; *State v. Burkitt* (1993), 89 Ohio App.3d 214, 224, 624 N.E.2d 210, 216–217.

It is apparent from the transcript and the docket that the proceedings in this case were not correctly journalized. In addition, Myers was adjudged not guilty of the charge against her, that is, making false alarms. Accordingly, the assignment of error is sustained, the judgment against Myers is reversed, and Myers is discharged.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.