OPINION
{¶ 1} Defendant-appellant, William J. Brooks, appeals from a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. Because defendant's motion failed to present facts supporting a meritorious defense as required under Civ.R. 60(B), we affirm.
 {¶ 2} Pursuant to indictment filed July 1, 1999, defendant was charged with the aggravated murder of Montique Pittman in violation of R.C. 2903.01, along with a gun specification pursuant to R.C. 2941.145. A jury trial beginning on November 7, 2000 resulted in a guilty verdict to the lesser included offense of murder, as well as the accompanying specification. Defendant appealed his conviction, and this court affirmed. State v.Brooks (June 14, 2001), Franklin App. No. 00AP-1406.
 {¶ 3} While his case was pending on appeal, defendant, on January 21, 2001, filed a petition for post-conviction relief pursuant to R.C. 2953.21. Although defendant's petition is not in the record, according to the state the petition contended defendant's trial counsel was ineffective due not only to a conflict of interest, but also to a failure to obtain necessary witnesses for defendant's defense. On September 16, 2002, the trial court filed a decision and entry denying defendant's petition to vacate or set aside his judgment of conviction. Determining defendant provided no evidence to support his claim of ineffective assistance of counsel, the court concluded defendant failed to meet "the threshold requirement to obtain a hearing on his claims of ineffective assistance of counsel." (Decision and Entry, 3.)
 {¶ 4} On March 25, 2003, defendant filed a motion for relief from judgment. Defendant's motion explained that, since his trial, he had been searching for the proper documentation to support the claim in his petition for post-conviction relief that his trial counsel was ineffective in failing to procure the testimony of a significant witness. Defendant stated that near the end of March 2002 he received the necessary documentation in the form of a letter from a United States Probation Officer, Robert A. Taylor, Sr.; defendant attached a copy of the letter to his motion for relief from judgment.
 {¶ 5} In the letter, Taylor confirms his conversation with defendant on March 24, 1998 regarding "some threats made against you by Mr. Pittman." According to the letter, Taylor's file "reflects that you indicated that Pittman was involved in gang related activity and that you feared for your life. At that time, you indicated that the offender had threaten [sic] to kill you on two (2) separate occasions. As you recall, I suggested that you contact the city prosecutors [sic] office regarding your concerns." Defendant asserts that, with the testimony of Taylor, the jury could have found him guilty of the lesser included offense of voluntary manslaughter. See R.C. 2903.03 (defining voluntary manslaughter as knowingly causing the death of another "while under the influence of sudden passion or in a sudden state of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force"). Asserting he was entitled to the opportunity to submit Taylor's letter to support his petition for post-conviction relief, defendant contended he should be granted relief from judgment under Civ.R. 60(B)(5).
 {¶ 6} By decision and entry filed May 27, 2003, the trial court denied defendant's motion for relief from judgment. Concluding the motion was in reality a motion for post-conviction relief, the trial court found it untimely. Moreover, because defendant raised ineffective assistance of counsel in his direct appeal, the court concluded his claims were barred by the doctrine of res judicata. The court explained that to avoid res judicata, defendant's petition must include materials, not part of the original record, that show defendant could not have appealed the constitutional claim based on the information in the record. Because the trial court concluded defendant failed to demonstrate his ineffective assistance of counsel claims could not have been raised on direct appeal, the court found res judicata barred them. Accordingly, the trial court denied defendant's Civ.R. 60(B) motion. Defendant appeals, assigning the following errors:
I. The Trial Court committed reversible error when finding Appellant's motion filed pursuant to Ohio Civil rule 60(B)(5) untimely.
II. The Trial Court errored [SIC] to the prejudice of the appellant by not granting an evidentiary hearing where appellant submitted evidentiary documents containing sufficient operative facts that demonstrate a constitutional violation.
III. The trial court committed reversible error in not granting relief pursuant to r.c. 2953.21, where appellant's Trial counsel was ineffective, denying him his rights as guaranteed by the united states and ohio constitutions.
 {¶ 7} Defendant's first two assignments of error are interrelated, and we address them jointly. Together they assert the trial court erred in concluding defendant's motion for relief from judgment was untimely and in failing to conduct an evidentiary hearing on his motion for relief from judgment.
 {¶ 8} The trial court concluded defendant's motion for relief from judgment was not a motion filed under Civ.R. 60(B), but rather a second petition for post-conviction relief, as "a petition for post conviction relief, pursuant to R.C. 2953.21, is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." (May 27, 2003 Decision and Entry, 3.) Contrary to the trial court's conclusion, defendant's motion for relief from judgment did not challenge his conviction, but instead addressed the trial court's decision and entry denying his petition for post-conviction relief.
 {¶ 9} As the court explained in State v. Sullivan (Dec. 23, 1999), Cuyahoga App. No. 74735, "[u]nder R.C. 2953.21, `an action for post-conviction relief is a civil proceeding, in which the prosecuting attorney represents the state as a party.' Statev. Milanovich (1975), 42 Ohio St.2d 46, 49 [superseded on other grounds]. Thus the procedural framework governing such proceedings `is civil, not criminal, although by necessity post-conviction relief proceedings admittedly have an impact on adjudicated felons.' State v. Nichols (1984), 11 Ohio St.3d 40, 42-43." Id.
 {¶ 10} As here, the defendant in Sullivan "was seeking to vacate the trial court's post-judgment ruling that denied his petition for post-conviction relief which had been filed pursuant to R.C. 2953.21." Id. The Sullivan court concluded a Civ.R. 60(B) motion "was a proper response to the May 26, 1998 judgment because it emanated from a civil proceeding. Nichols, supra; accord State v. Bush (Feb. 6, 1998), Treble App. No. 97-T-0035, unreported." Id. See, also, State v. Garcia (Aug. 24, 1995), Franklin App. No. 94APA11-1646 (concluding that although motions for relief from judgment are provided for in a civil context through Civ.R. 60, courts have applied Civ.R. 60(B) in the context of criminal proceedings through application of Crim.R. 57[B]); but, see, State v. Johnson (Jan. 17, 2002), Richland App. No. 01-CA-88 (concluding that the trial court properly considered a criminal defendant's Civ.R. 60(B) motion for relief from a criminal conviction as a petition for post-conviction relief pursuant to R.C. 2953.21).
 {¶ 11} To be entitled to relief under Civ.R. 60(B), defendant must satisfy the requirements of that rule, which require that defendant: (1) have a meritorious defense or claim to present if relief is granted, (2) be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) make the motion within a reasonable time and, if relief is sought under Civ.R. 60(B)(1), (2), or (3), seek relief not more than one year after the judgment, order or proceeding was entered or taken.State v. Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 21, quoting GTE Automatic Elec. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 150-151. A party is entitled to a hearing on the motion if the operative facts in the motion warrant relief.Carkido v. Hasler (1998), 129 Ohio App.3d 539.
 {¶ 12} Defendant's claim to relief under Civ.R. 60(B)(1) through (4) is unpersuasive. In essence, defendant asserts that following his conviction, he made every effort to obtain a letter from the probation officer, but did not receive Taylor's letter until March 2002. Neither his motion, nor the letter, however, adequately explains why the letter was not submitted with defendant's petition for post-conviction relief, given defendant's awareness of Taylor's potential testimony and, indeed, defendant's testimony during trial regarding his conversation with Taylor.
 {¶ 13} Nonetheless, even if we assume, though do not decide, that defendant has shown entitlement to relief under Civ.R. 60(B)(5), which encompasses "any other reason justifying relief," defendant has failed to set forth a meritorious issue to be raised if his Civ.R. 60(B) motion were granted. Specifically, even if Taylor's letter, submitted with defendant's motion for relief from judgment, be added to the petition for post-conviction relief that defendant submitted on January 22, 2001, the letter fails to support a claim of ineffective assistance of counsel.
 {¶ 14} To demonstrate ineffective assistance of counsel, the defendant must meet a two-part test. Strickland v. Washington
(1984), 466 U.S. 668, 686, 104 S.Ct. 2052. Initially, the defendant must show that counsel's performance was deficient. Id. To meet that requirement, the defendant must demonstrate that counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Id. The defendant then must show that counsel's deficient performance prejudiced the defense. Id. To meet that requirement, the defendant must show that counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In effect, defendant must demonstrate there is a "reasonable probability" that, but for counsel's error, the result of the trial would have been different. Id. at 694. Unless the defendant makes both showings, it cannot be said the conviction resulted from a breakdown in the adversary process that rendered the result unreliable.
 {¶ 15} According to the state's evidence, on September 14, 1998, defendant was pacing outside a Church's restaurant on East Main Street. When Montique Pittman exited from the restaurant, Pittman said, "[w]hat's up?" (Tr. 69.) In response, defendant reached into the front of his pants, pulled out a gun and began to shoot at Pittman. Pittman attempted to run away, but defendant ran after him, shooting at Pittman's back. Pittman fell, got up, and attempted to run. Defendant pursued him and shot at him. Pittman again fell, and defendant shot him as he lay on the ground. According to witnesses, Pittman was unarmed.
 {¶ 16} Defendant testified on his own behalf, stating that Pittman unsuccessfully attempted to recruit defendant into Pittman's gang and threatened defendant. With that as background, defendant testified, in contrast to the state's evidence, that as Pittman was exiting the restaurant, defendant was approaching. Defendant said, "[w]hat's up?" (Tr. 243.) According to defendant, Pittman responded, "[m]an, get the F____ away from me." Id. Defendant suggested they put aside their differences, but Pittman reached toward his belt. Defendant believed Pittman was reaching for a gun, drew his own gun, shot at Pittman and "kept on shooting." Id.
 {¶ 17} Given the evidence, the letter from Pittman's probation officer does not meet the requirements for demonstrating ineffective assistance of counsel. Even if we assume that defendant's trial counsel was ineffective in failing to procure Taylor's testimony for trial, an issue we do not determine, defendant nonetheless has failed to demonstrate prejudice from counsel's failure.
 {¶ 18} Initially, the letter explains that the information contained in it was derived from a review of Taylor's file. Accordingly, Taylor's presence as a witness in all likelihood would have rendered little evidence beyond that noted in the letter. The letter itself primarily conveys only the information defendant gave to Taylor, and the jury had that information as a result of defendant's testimony. The only additional information in the letter is Taylor's suggestion that, in response to Pittman's threats, defendant seek assistance from the prosecutor's office, and that bit of evidence would not have changed the outcome of defendant's trial.
 {¶ 19} Secondly, although defendant contends he should have been convicted of voluntary manslaughter rather than murder, the letter from Taylor does not advance defendant's position. Voluntary manslaughter requires the defendant to act under the influence of sudden passion or in a sudden fit of rage that the victim provoked. Taylor's letter does nothing to support defendant's contention that he so acted. Rather, the letter simply suggests that Pittman, at some point in time, threatened defendant. Not only does the letter not indicate the temporal proximity of Pittman's threats to the day of the shooting, but words alone ordinarily do not constitute sufficient provocation to support a charge of voluntary manslaughter. State v. Shane
(1992), 63 Ohio St.3d 630, paragraph two of the syllabus. Because the letter is inadequate to demonstrate merit in defendant's post-conviction relief, defendant likewise failed to show a meritorious issue existed if his Civ.R. 60(B) motion were granted. Absent that evidence, defendant's Civ.R. 60(B) motion properly is denied without a hearing. Accordingly, defendant's first and second assignments of error are overruled.
 {¶ 20} Defendant's third assignment of error asserts the trial court erred in not granting him relief pursuant to R.C.2953.21. Given the first two assignments of error, we conclude the third assignment of error is directed to defendant's petition for post-conviction relief, denied in the trial court on September 16, 2002. Any appeal from the denial of defendant's post-conviction relief petition should have been filed within 30 days of the trial court's judgment. See App.R. 4(A). Defendant's attempts to appeal that judgment through his appeal of the trial court's judgment entry denying his Civ.R. 60(B) motion are unavailing, as this court lacks jurisdiction. Powell v. Killian
(Sept. 18, 2001), Franklin App. No. 01AP-85. Accordingly, defendant's third assignment of error is dismissed.
 {¶ 21} Having overruled defendant's first and second assignments of error, and having dismissed his third assignment of error for lack of jurisdiction, we affirm the judgment of the trial court for the reasons set forth in this opinion.
Judgment affirmed.
Brown and Wright, JJ., concur.
WRIGHT, J., Retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.