OPINION *Page 2 
{¶ 1} Appellant, Jamie Cottrill, appeals the July 12, 2006, Licking County Common Pleas Court's denial of his Motion to Vacate Judgment on the Basis of New Supreme Court Decisions in Accordance with Civil Rule 60(B). Appellant asserts that he was sentenced unconstitutionally when his sentence was enhanced by facts found by a judge, rather than a jury, and as a result argues that he should have been granted re-sentencing. In support of this assertion, appellant argues that the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, created a new federal right entitling him to relief. Appellant also asserts that the denial of his constitutional rights under the Sixth and Fourteenth Amendments constitutes plain error.
 {¶ 2} On April 20, 2004 appellant entered pleas of guilty to 1). aggravated robbery, with a gun specification, a felony of the first degree, in violation of R.C. 2911.01 and 2) kidnapping, with a gun specification, a felony of the second degree, in violation of R.C.2905.01. The trial court sentenced appellant to a term of three years on each firearm specification concurrent; five years for the aggravated robbery and three years on the kidnapping, concurrent but consecutive to the firearm specifications, for an aggregate prison sentence of eight years. The trial court ordered the sentence in this case to run consecutive to a sentence entered in the Pickaway County Court of Common Pleas.
 {¶ 3} Appellant did not directly appeal his convictions and sentences. *Page 3 
 {¶ 4} On June 23, 2005 appellant filed a petition for post-conviction relief essentially arguing that the procedure used by the trial court to impose non-minimum, consecutive sentences was unconstitutional under the authority of Blakely v. Washington, supra. The trial court denied this petition by Judgment Entry filed July 19, 2005. Appellant appealed the trial court's denial in Fifth District Court of Appeals, Case No. 2005CA00087. This Court dismissed appellant's appeal by Judgment Entry filed September 29, 2005 and remanded the case to the trial court with instructions to make the required findings of facts and conclusions of law. The trial court filed Findings of Fact and Conclusions of Law on December 7, 2005.
 {¶ 5} On February 21, 2006 appellant filed a motion requesting leave to file a delayed appeal. This Court denied appellant's request in Case No. 2006CA00018 by Judgment Entry filed April 10, 2006.
 {¶ 6} On July 11, 2006 appellant filed a Motion to Vacate Judgment on the Basis of New Supreme Court Decisions in Accordance with Civil Rule 60(B). The trial court denied appellant's motion by Judgment Entry filed July 12, 2006.
 {¶ 7} Appellant appeals from the July 12, 2006 Judgment Entry denying his Motion to Vacate Judgment on the Basis of New Supreme Court Decisions in Accordance with Civil Rule 60(B), raising the following assignments of error for our review:
 {¶ 8} "I. DEFENDANT WAS SENTENCED UNCONSTITUTIONALLY WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE, AND SHOULD HAVE BEEN GRANTED POST CONVICTION RELIEF. *Page 4 
 {¶ 9} "II. THE DENIAL OF DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS REPRESENTS `PLAIN ERROR' AND SHOULD BE RECOGNIZED BY THE COURT AS SUCH."
 {¶ 10} Appellee, the State of Ohio has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by appellant's brief. App.R. 18(C). State v.Caynor (2001), 142 Ohio St.3d 424, 426, 2001-Ohio-3298, 755 N.E.2d 984,986; State v. Myers (1997), 119 Ohio App.3d 642, 645, 695 N.E.2d 1226,1228.
 {¶ 11} Courts have allowed the use of a Civ. R. 60(B) motion in a criminal case in very limited circumstances. See, State v. Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363 at ¶ 8-9. When a trial court overrules a petition for post conviction relief pursuant to R.C. 2953.21 a defendant may seek to have the trial court revisit the matter via Civ. R. 60 (B). See, State v. Brooks, 10th
Dist. No. 03AP-636, 2004-Ohio-585 at ¶ 9-10. However, the civil rules apply because post conviction relief is a civil, not criminal, proceeding State v. Milanovich (1975), 42 Ohio St.2d 46, 49,325 N.E.2d 540 [superseded on other grounds].
 {¶ 12} A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal or to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91,689 N.E.2d 548. State ex rel. McCoy v.Coyle (1997), 80 Ohio St.3d 1430,685 N.E.2d 542; State ex rel. Durkin v. Ungaro(1988), 39 Ohio St.3d 191,192, 529 N.E.2d 1268. Appellant did not file an appeal from the imposition of sentence. Additionally, we overruled appellant's motion to file a delayed *Page 5 
appeal from the trial court's denial of his petition for post-conviction relief as being untimely filed.
 {¶ 13} Even if we were to consider the motion properly filed we would affirm the trial court's ruling. The United States Supreme Court has not made the decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 retroactive to cases already final on direct review. This Court, as well as numerous other courts around the State, has found Blakely does not apply retroactively to cases already final on direct review. State v. Lopez, Muskingum App. No. Ct2006-0014,2006-Ohio-6800; State v. Craig, Licking App. No .2005CA16,2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 14} Accordingly, as appellant's conviction and sentence is already final on direct review, we agree Foster is not applicable.
 {¶ 15} As such we dismiss appellant's appeal based on the fact that it was untimely filed and appellant failed to show that an exception to the prohibition on untimely petitions applies. "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" State v. Wilson, Lawrence App. No. 05CA22, at ¶ 16, 2006-Ohio-2049, citing State v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Thus, we overrule both of Appellant's assigned errors. The remaining issues raised by appellant are moot and we decline to address them. *Page 6 
 {¶ 16} Accordingly, appellant's appeal is dismissed.
 By Gwin, P.J., Farmer, J., and Edwards, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's appeal is dismissed. Costs to appellant. *Page 1