OPINION
{¶ 1} Appellant Lonnie D. Stewart appeals the October 9, 2006, Judgment Entry of the Licking County Court of Common Pleas denying his Motion for Post-conviction Relief.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant was indicted by the Licking County Grand Jury on seven counts of Rape, in violation of R.C. 2907.02(A)(1)(b), first degree felonies, and seven counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), third degree felonies.
 {¶ 4} On February 22, 2005, following Appellant's pleas of no contest to said charges, the trial court made a finding of guilty and sentenced Appellant to prison terms of eight years on each of the seven Rape charges with said sentences to run concurrent to each other but consecutive to the sentences on the Gross Sexual Imposition charges. The trial court then sentenced Appellant to two years on each of the Gross Sexual Imposition charges, with the sentences on the Gross Sexual Imposition charges ordered to run concurrent with each other but consecutive to the sentences on the Rape charges.
 {¶ 5} Appellant never filed a direct appeal of his convictions and sentences to this Court.
 {¶ 6} On September 5, 2006, Appellant filed a Petition for Post-Conviction Relief arguing that his sentences were unconstitutional pursuant to State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856. *Page 3 
 {¶ 7} On September 6, 2006, the State filed its Response to Defendant's Petition for Post-Conviction Relief arguing thatFoster, supra applies only to cases pending on direct review.
 {¶ 8} On September 14, 2006, Appellant filed a Response to the State's Memo Contra.
 {¶ 9} By Judgment Entry filed October 9, 2006, the trial court denied Appellant's Petition for Post-Conviction Relief.
 {¶ 10} It is from this judgment entry that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE CONSECUTIVE TERMS OF INCARCERATION, AS THE SENTENCE VIOLATED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 I. {¶ 12} In his sole assignment of error, Appellant argues that his sentence is unconstitutional pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856
 {¶ 13} In State v. Foster, supra, the Supreme Court of Ohio held that R.C. §§ 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts *Page 4 
for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. That is consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 14} As previously stated, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review.
 {¶ 15} Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. § 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Brack, Stark App. No. 2005CA00298, 2006-Ohio-3783; State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; State v. Smith, 9th Dist. No. 05CA008772, 2006-Ohio-2045 at ¶ 9;State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280
at ¶ 13.
 {¶ 16} Appellant's argument based upon Foster, supra, unpersuasive as this sentencing issue is not being raised on direct review.
 {¶ 17} We therefore find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition due to its untimeliness. *Page 5 
 {¶ 18} Appellant's third assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By: Wise, J. Gwin, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to appellant. *Page 1