OPINION
{¶ 1} Defendant Jeremy S. Stapleton appeals a judgment of the Court of Common Pleas of Licking County, Ohio which sentenced him to a prison term of two years for a violation of R.C. 2925.03 (A)(1)(C)(4)(c), trafficking in cocaine in the vicinity of a juvenile, a felony of the third degree, and a prison term of two years for a violation of R.C.2925.03 (A)(1)(C)(4)(d), trafficking in cocaine in the vicinity of a juvenile, a second degree felony. Appellant had originally pled not guilty but changed his plea to guilty. Appellant assigns two errors to the trial court:
 {¶ 2} "I. DEFENDANT WAS SENTENCED UNCONSTITUTIONALLY WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE.
 {¶ 3} "II. THE DENIAL OF DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS REPRESENTS `PLAIN ERROR' AND SHOULD BE RECOGNIZED BY THE COURT AS SUCH."
 {¶ 4} Appellee, the State of Ohio has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if it reasonably appears to be supported by appellant's brief. App.R. 18(C). *Page 3 State v. Caynor (2001), 142 Ohio St.3d 424, 426, 2001-Ohio-3298,755 N.E.2d 984, 986; State v. Myers (1997), 119 Ohio App.3d 642, 645,695 N.E.2d 1226, 1228.
 Background {¶ 5} On February 27, 2006, the Ohio Supreme Court issued its decision in State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470. In Foster, the Ohio Supreme Court held that under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 Sup. Ct. 2348, and Blakeley v. Washington (2004), 542 U.S. 296,124 Sup. Ct. 2531, 159 L. Ed. 2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial factfinding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence and/or consecutive sentences. To remedy this, the Ohio Supreme Court severed the unconstitutional sections from the Ohio Sentencing Code. Thus, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855, syllabus paragraph 3.
 {¶ 6} After Foster, trial courts are still required to consider the general guiding factors contained in R.C.2929.11 and R.C. 2929.12, seeFoster at paragraph 42.
 I {¶ 7} In his first assignment of error, appellant argues the trial court erred in ordering him to serve his sentences consecutively because the trial court made findings of fact in violation of Foster. In this case, appellant was sentenced after the Supreme Court decidedFoster. *Page 4 
 {¶ 8} The judgment entry imposing the sentences states the trial court has considered the record, oral statements, and pre-sentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11, and the court has balanced the seriousness and recidivism factors under R.C. 2929.12. The court also found prison is consistent with the purposes of R.C. 2929.11, and appellant was not amenable to any available community control sanction. These are factors the court should consider in sentencing.
 {¶ 9} The court found consecutive sentences are necessary to protect the public and to punish the offender, and are not disproportionate to the conduct and the danger the offender posed. This language is similar to language in R.C.2929.14 (E)(4), one of the portions of the Code theFoster Court found to be unconstitutional. Foster at paragraph 97.
 {¶ 1O} The trial court was not required to find any additional fact or state any reason in order to impose this sentence. The court could have made the sentences consecutive without making any statement on the record, so long as the sentences were within the statutory range. The trial judge merely explained on the record his reasons for making the sentences run consecutively. This cannot transform a constitutional sentence into a constitutionally infirm sentence on the grounds the statements constitute impermissible judicial fact-finding, see, e.g.State v. Goggans, Delaware App. No. 06-51, 2007-Ohio-1433.
 {¶ 11} In the written change of plea form appellant signed on each count, he acknowledged he understood the second degree felony carried a maximum sentence of *Page 5 
eight years, of which two years are mandatory. He acknowledged he understood he faced a maximum five year sentence on the third degree felony.
 {¶ 12} In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, this court found after the Foster court removed R.C.2953.08 (G)(2) from Ohio's sentencing scheme, this left a void concerning what our standard of review should be in sentencing matters, at paragraph 37, citing State v. Windham, Wayne App. No. 05CA0033,2006-Ohio-1544 at ¶ 11. This court concluded we must review the imposition of consecutive sentences using the abuse of discretion standard, Firouzmandi at paragraph 40. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., State v. Adams (1980), 62 Ohio St. 2d 151. In applying an abuse of discretion standard, this court may not substitute its judgment for that of the trial court, Pons v. State Medical Board (1993),66 Ohio St. 3d 619, 614 N.E. 2d 748.
 {¶ 13} We find the trial court sentenced appellant within the statutory range for the convictions. Upon our review of the record before us we cannot say the court abused its discretion.
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} In his second assignment of error appellant asks us to find plain error in his sentence, because counsel failed to enter an objection at the sentencing hearing. We find the trial court did not commit error, plain or otherwise, in sentencing appellant.
 {¶ 16} The second assignment of error is overruled. *Page 6 
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 By Gwin, P.J., Farmer, J., and Wise, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1