OPINION *Page 2 
{¶ 1} Defendant-Appellant Daniel McDowell appeals the October 20, 2006 judgment of the Licking County Court of Common Pleas denying Appellant's Motion to Vacate a Void Sentence. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 12, 2002, Appellant entered a plea of no contest to the charges of Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1); Aggravated Burglary, a first-degree felony in violation of R.C. 2911.11(A)(2); Robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); Firearm Specification to Counts 1 through 3, in violation of R.C. 2929.14(D) and 2941.145; and Possession of Marijuana, a minor misdemeanor in violation of R.C.2925.11(A)(C)(3)(a). The trial court found Appellant guilty and sentenced Appellant to eight years in prison.
 {¶ 3} Appellant never filed a direct appeal of his convictions and sentences to this Court.
 {¶ 4} On October 19, 2006, Appellant filed a "Motion to Vacate a Void Sentence", pursuant to State v. Foster (2006), 109 Ohio St. 3d 1 and Civ.R. 60(B). In essence, Appellant argued he was sentenced in 2002 under an unconstitutional sentencing statute. On October 20, 2006, the trial court denied the motion. The trial court found that the cases cited by Appellant were not retroactive in nature and that non-minimum sentencing rights do not exist.
 {¶ 5} It is from this judgment entry that Appellant now appeals. Appellant raises two Assignments of Error: *Page 3 
 ASSIGNMENTS OF ERROR {¶ 6} "I. WHEN A TRIAL COURT FAILS TO IMPOSE POST-RELEASE CONTROL ON A FIRST OR SECOND DEGREE FELONY OFFENDER, IT FAILS TO COMPLY WITH THE MANDATORY PROVISIONS OF 2929.19(B)(5)(C) AND (D), AND THEREFORE THE SENTENCE IS VOID AND NOT YET FINAL, AND THE MATTER MUST BE REMANDED FOR RESENTENCING. (SENTENCING TRANSCRIPTS, SENTENCING ENTRIES DATED 11/12/02 AND 10/20/06).
 {¶ 7} "II. THE TRIAL COURT VIOLATED APPELLANTS (SIC) RIGHTS TO TRIAL BY JURY WHEN IT SENTENCED APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH ANDFOURTEENTH AMENDMENTS. (SENTENCING ENTRY DATED 11/12/02 AND TRIAL COURTS [SIC] DECISION ON APPELLANTS [SIC] MOTION TO VACATE A VOID SENTENCE DATED 10/20/06)".
 I., II. {¶ 8} Appellee, the State of Ohio, did not file a responsive brief in this case. We may therefore accept Appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by Appellant's brief. App.R. 18(C). State v.Caynor (2001), 142 Ohio St.3d 424, 426, 2001-Ohio-3298, 755 N.E.2d 984,986; State v. Myers (1997), 119 Ohio App.3d 642, 645, 695 N.E.2d 1226.
 {¶ 9} We will address Appellant's two Assignments of Error simultaneously.
 {¶ 10} This matter is before us upon the trial court's denial of Appellant's Motion to Vacate made pursuant to Civ.R. 60(B). Courts have allowed the use of a Civ.R. 60(B) motion in a criminal case in very limited circumstances. State v. Cottrill, *Page 4 
5th Dist., No. 2006-CA-79, 2007-Ohio-2006, at ¶ 11, citing State v. Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363, at ¶ 8-9. When a trial court overrules a petition for post-conviction relief pursuant to R.C 2953.21, a defendant may seek to have the trial court revisit the matter through Civ.R. 60(B). SeeState v. Brooks, 10th Dist. No. 03AP-636, 2004-Ohio-585, at ¶ 9-10. The civil rules apply because post-conviction relief is a civil, not criminal, proceeding. Cottrill, at ¶ 11 citing State v.Milanovich (1975), 42 Ohio St.2d 46, 49, 325 N.E.2d 540.
 {¶ 11} Further, a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal or to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91, 689 N.E.2d 548; State ex rel. McCoy v. Coyle (1997),80 Ohio St.3d 1430, 685 N.E.2d 542; State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 192, 529 N.E.2d 1268.
 {¶ 12} Appellant did not file an appeal of his conviction or of his sentence. Nor did Appellant file a petition for post-conviction relief pursuant to R.C. 2953.21. We find this criminal appeal, based upon Civ.R. 60(B), to be improperly filed.
 {¶ 13} Even if we were to consider Appellant's appeal to be properly filed, we would still affirm the trial court's finding. In State v.Foster, supra, the Supreme Court of Ohio held that R.C. §§ 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. *Page 5 
at ¶ 104. Consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ `06.
 {¶ 14} As previously stated, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. State v. Stewart, 5th Dist. No. 06CA135,2007-Ohio-2450, at ¶ 14. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Id.
 {¶ 15} Accordingly, as Appellant's conviction and sentence is already final on direct review, we agree that Foster, Blakely andApprendi are not applicable.
 {¶ 16} Thus, we overrule both Appellant's Assignments of Error. The remaining issues raised by Appellant are moot and we decline to address them.
 {¶ 17} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Delaney, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1