OPINION
{¶ 1} The appellant, John Vincer, appeals the June 11, 2003 judgment of the Common Pleas Court of Marion County, Ohio, overruling his petition for post-conviction relief.
 {¶ 2} Vincer was indicted on five counts of assault and one count of felonious assault as a result of a number of incidents at the Multi-County Corrections Center while he was incarcerated as a fugitive from justice and awaiting extradition to Arkansas. Thereafter, on October 4, 2002, pursuant to a plea agreement, Vincer pled guilty to three counts of assault and one count of felonious assault in exchange for receiving an eight year sentence and an agreement that the state of Arkansas would not seek extradition and would nolle felony charges pending against him. The trial court conducted a Crim.R. 11 colloquy with Vincer, accepted his pleas, and sentenced him to a term of eight years with the Ohio Department of Rehabilitation and Correction.
 {¶ 3} Three days later, on October 7, 2002, Vincer, pro se, filed a motion to withdraw his pleas of guilty. This motion was denied on October 28, 2002. On that same date, Vincer filed his notice of appeal of the October 4, 2002 judgment of conviction and sentence. This appeal was assigned case No. 9-02-56. Although Vincer filed his pro se brief in that appeal, he was later appointed counsel. In addition, Vincer also filed a notice of appeal as to the trial court's October 28, 2002 judgment overruling his motion to withdraw his guilty pleas. This appeal was assigned case No. 9-02-64, and counsel for Vincer's first appeal was likewise appointed to his second appeal. This court also consolidated these two appeals, and counsel for Vincer filed a brief in both these appeals that asserted that Vincer's pleas were not entered knowingly, voluntarily and intelligently. However, counsel for Vincer also filed a motion requesting that he be granted leave of court to withdraw as appellate counsel, pursuant to Anders v. California (1967), 386 U.S. 738. Counsel asserted that the appeals were frivolous and without merit. On October 14, 2003, this court concurred with counsel's assessment and dismissed Vincer's appeals.
 {¶ 4} In the interim, Vincer filed a petition for post-conviction relief, pursuant to R.C. 2953.21, on February 20, 2003. In this petition, Vincer asserted that he was not represented by an attorney in the trial phase who was licensed to practice law in Arkansas, which prevented him from fully understanding the charges pending in Arkansas and any potential defenses to the same. On that same date, Vincer filed a motion for a copy of the transcripts, which was granted on February 28, 2003. The transcripts in this case were later filed on April 17, 2003. Vincer later amended his post-conviction relief petition, with leave of court, and additionally asserted that his sentence was contrary to law given its consecutive nature. This petition was denied on June 11, 2003. This appeal followed, and Vincer now asserts three assignments of error.
The Court erred in not giving written findings of fact or Conclusionsof Law.
 The Court Erred in not furnishing Vincer with a full transcript todetermine appealable issues and also supply the Record on Appeal.
 Court-Appointed Counsel was ineffective and failed to properlyinvestigate Vincer's claims, did not investigate the claims at all. Courtused his opinion in issuing their order to deny Vincer relief prejudicingVincer. His motion to withdraw left Vincer pro-se again.
 First Assignment of Error {¶ 5} Ohio statutory law provides that a person convicted of a criminal offense may file a petition for post-conviction relief in the sentencing court, asking that court to vacate or set aside the judgment or sentence, if the petitioner "claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable" under either the Ohio or United States Constitutions. R.C.2953.21(A)(1). If a trial court, upon considering a timely filed petition, finds that a dismissal of the petition is warranted, that court "shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C).
 {¶ 6} In the case sub judice, Vincer maintains that the trial court did not file findings of fact and conclusions of law as required. We disagree. Based upon the statements contained within the trial court's judgment entry regarding Vincer's post-conviction relief petition, we find that the trial court made the mandatory findings of fact and conclusions of law in support of its dismissal of the petition. Specifically, the trial judge noted that he was the same judge that presided at the change of plea and sentencing hearing. Further, the court stated,
the court had a colloquy with the defendant, and was thoroughlyconvinced that the defendant knew what was happening, the defendantunderstood the proceedings, that the defendant understood the extrememeasures his counsel had taken to gain the best possible negotiatedsentence for the defendant, including the fact that the Ohio pleas wouldresolve criminal matters then pending in the state of [Texas].[1]
The court also found that it was satisfied with Vincer's mental status and the competency of his counsel during this hearing. Moreover, the other matters referenced by Vincer as rendering his sentence void or voidable have previously been determined by this court to be frivolous. See State v. Vincer (Oct. 14, 2003), Marion App. No. 9-02-56; State v.Vincer (Oct. 17, 2003), Marion App. No. 9-02-64. Accordingly, the trial court did not err, as it provided sufficient findings of fact and conclusions of law in denying the relief requested by Vincer, and the first assignment of error is overruled.
 Second and Third Assignments of Error {¶ 7} In his second and third assignments of error, Vincer relies on matters that he never raised in his petition for post-conviction relief. First, Vincer maintains that he was denied a copy of the relevant transcripts. Second, Vincer contends that his trial counsel failed to investigate his case. Neither of these contentions was asserted by Vincer in his post-conviction relief petition. Thus, we are precluded from reviewing those matters in the current appeal. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210; State v. Awan (1986),22 Ohio St.3d 120, 123. Therefore, the second and third assignments of error are overruled.
 {¶ 8} For these reasons, the judgment of the Common Pleas Court of Marion County, Ohio, is affirmed.
Judgment affirmed.
Walters and Cupp, J.J., concur.
[1] The trial court incorrectly noted that Texas was the state wherein various criminal charges were pending against Vincer. However, the state actually involved, as previously noted, is Arkansas. Nevertheless, this minor inexactitude is irrelevant to the case sub judice.