OPINION
{¶ 1} Defendant-appellant Maxwell Muff appeals from the April 6, 2006, Entry of the Perry County Court of Common Pleas denying his Motion for In Camera Inspection and Disclosure of Testimony and Evidence presented to the Grand Jury.
 {¶ 2} Appellee, the State of Ohio has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by appellant's brief. App.R. 18(C). State v. Caynor (2001), 142 Ohio St.3d 424, 426,2001-Ohio-3298, 755 N.E.2d 984, 986; State v. Myers (1997),119 Ohio App.3d 642, 645, 695 N.E.2d 1226, 1228.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 25, 2000, the Perry County Grand Jury indicted appellant on one count of rape in violation of R.C. §2907.02. The victim was appellant's stepdaughter.
 {¶ 4} Subsequently, a jury trial commenced on May 23, 2001. After the jury found appellant guilty, the trial court, pursuant to a Judgment Entry filed July 16, 2001, sentenced appellant to nine years in prison.
 {¶ 5} Appellant appealed his conviction and sentence, and this Court affirmed. See State v. Muff, Perry App. No. 01-CA-13, 2002-Ohio-2510.
 {¶ 6} On September 25, 2001, appellant filed a petition for post conviction relief. As memorialized in a Judgment Entry filed October 5, 2001, the trial court denied the petition.
 {¶ 7} On July 25, 2003, appellant filed a second petition for post conviction relief. Pursuant to a Judgment Entry filed August 6, 2003, the trial court again denied the petition. Appellant then filed another appeal. Pursuant to an Opinion filed on November 29, 2004, in State v. Muff, Perry App. No. 03CA15,2004-Ohio-6453, this Court affirmed the judgment of the trial court.
 {¶ 8} On August 25, 2004 appellant filed a request for a Writ of Mandamus in this court in State Of Ohio ex rel. Maxwell Muffv. Joseph Flautt, Prosecuting Atty., 5th Dist. No. 2004CA18. This Court dismissed that case by Judgment Entry filed September 13, 2004.
 {¶ 9} Appellant then filed a second request for a Writ of Mandamus in this Court in State Of Ohio ex rel. Maxwell Muff v.Joseph Flautt, Prosecuting Atty., 5th Dist. No. 2005CA03. This Court dismissed that case by Judgment Entry filed April 20, 2005.
 {¶ 10} Subsequently, appellant, on April 15, 2005, filed a "Motion for Leave to File a [Motion for a] New Trial" pursuant to Crim.R. 33(A) (2) (6) and (B). Appellant, in his motion, argued that he was unavoidably prevented from obtaining a copy of the unabridged police report/complaint, rape kit results, doctor's and nurse's reports, and voluntary statement of Michelle Stewart, who was identified on a witness list but never called as a witness. Appellant, in his motion, alleged that such evidence was exculpatory and that, with the exception of the police report, he was unable to obtain such evidence until he filed a writ of mandamus with this Court in January of 2005.
 {¶ 11} Appellee State of Ohio did not respond to appellant's motion. Pursuant to an Entry filed on April 27, 2005, the trial court denied the same without giving its reasons for doing so.
 {¶ 12} Appellant appealed such denial and in State v. Muff,
Perry App. No. 05CA11, 2006-Ohio-57 this Court affirmed same.
 {¶ 13} On August 25, 2005, Appellant filed a "Motion to Vacate Court Costs Pursuant to Ohio Revised Codes § 2947.23, §2947.14 and § 2949.19."
 {¶ 14} By Judgment Entry dated September 19, 2005, the trial court denied said Motion.
 {¶ 15} Appellant appealed such denial and in State v. Muff,
Perry App. No. 05CA18, 20065-Ohio-1516, this Court affirmed same.
 {¶ 16} Thereafter, appellant, on March 30, 2006, filed a "Motion for In Camera Inspection and Disclosure of Testimony and Evidence presented to the Grand Jury" in the trial court. Appellee the State of Ohio filed a memorandum in opposition to appellant's motion in the trial court on April 4, 2006. By Judgment Entry dated April 6, 2006, the trial court denied said Motion.
 {¶ 17} Appellant now raises the following assignment of error on appeal:
 {¶ 18} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S MOTION FOR GRAND JURY TRANSCRIPTS AND TO HOLD AN EVIDENTIARY HEARING ON THE FACT OF A PARTICULARIZED NEED SHOWING BY THE APPELLANT."
 I. {¶ 19} Appellant, in his sole assignment of error, argues that the trial court erred in denying his motion for grand jury transcripts without holding an evidentiary hearing. We disagree.
 {¶ 20} Pursuant to R.C. 2953.21, a defendant is entitled to post conviction relief only upon a showing of a violation of constitutional dimension that occurred at the time that the defendant was tried and convicted. State v. Powell (1993),90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16.
 {¶ 21} Appellant's claim for grand jury transcripts fails to fall within the purview of the limited type of claims allowable under R.C. 2953.21 — constitutional deprivations that occurred at trial. See State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094, 2000 WL 1369865. Instead, the claim is more in the nature of a request for discovery. State v. Wogenstahl (June 12, 1998), Hamilton App. No. C-970238, 1998 WL 306561. Ohio law is clear that discovery is not available in the initial stages of a post conviction proceeding. State v. Mason (Oct. 03, 2001), Ashland App. No. 01COA01423, 2001 WL 1913877, citing State v.Byrd (2001), 145 Ohio App.3d 318, 762 N.E.2d 1043. As noted by this court in State v. Sherman (Oct. 30, 2000), Licking App. No. 00CA39, 2000 WL 1634067: "A petition for post-conviction relief is a civil proceeding. State v. Milanovich (1975), 42 Ohio St.2d 46 [325 N.E.2d 540]. However, the procedure to be followed in ruling on such a petition is established by R.C.2953.21. * * * Further, the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority. State v. Lundgren (Dec. 18, 1998), Lake App. No. 97-L-110, unreported [1998 WL 964592]." Accordingly, since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed after conviction, appellant's argument for grand jury transcripts fails.
 {¶ 22} Since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed post conviction, appellant's sole assignment of error is overruled.
 {¶ 23} Accordingly, the Judgment of the Perry County Court of Common Pleas is affirmed.
Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment of the Perry County Court of Common Pleas is affirmed. Costs to appellant.