OPINION
{¶ 1} This case is submitted to this court on the record and the briefs of the parties. Appellant, David Reuschling, appeals from the judgment entered by the Ashtabula County Court of Common Pleas. The trial court denied Reuschling's petition for postconviction relief.
 {¶ 2} In April 2006, Reuschling was indicted on five counts. Reuschling pled not guilty to the charges, and a jury trial was held. The jury found Reuschling guilty of *Page 2 
possession of methamphetamine, tampering with evidence, illegal manufacture of drugs, and illegal assembly or possession of chemicals for the manufacture of drugs. The jury found Reuschling not guilty of the remaining count, illegal assembly or possession of chemicals for the manufacture of drugs. Reuschling was sentenced to an aggregate six-year prison term for his convictions.
 {¶ 3} Reuschling filed a direct appeal of his convictions to this court, and this court affirmed the trial court's judgment. State v.Reuschling, 11th Dist. No. 2007-A-0006, 2007-Ohio-6726.
 {¶ 4} On August 22, 2007, Reuschling filed a petition for postconviction relief in the trial court.[1] Thereafter, the state filed a motion to dismiss Reuschling's petition for postconviction relief. On September 13, 2007, Reuschling filed a motion for extension of time to respond to the state's motion to dismiss. On September 19, 2007, Reuschling filed a response to the state's motion to dismiss his petition for postconviction relief. On October 10, 2007, the trial court denied Reuschling's petition for postconviction relief. However, on October 22, 2007, the trial court granted Reuschling's motion for extension of time to file a response to the state's motion to dismiss. In November 2007, Reuschling filed a "supplemental objection and rebuttal" to the state's motion to dismiss his petition for postconviction relief. On January 4, 2008, the trial court issued a judgment entry granting the state's motion to dismiss Reuschling's petition for postconviction relief.
 {¶ 5} Reuschling has timely appealed the trial court's January 4, 2008 judgment entry to this court. Reuschling raises the following assignments of error: *Page 3 
 {¶ 6} "[1.] The trial court erred therein depriving defendant/appellant of his Sixth Amendment right to `fundamental fairness' and his Fourteenth Amendment right to `due process of law,' where it: (1) failed to accord appellant an oral hearing in his post conviction action where appellant had alleged facts (`and presented highly probative evidentiary materials therefore') which if proven would establish the right to relief; and, (2) failed to issue findings of fact and conclusions of law in support of its denial of appellant's pro se application for post conviction relief.
 {¶ 7} "[2.] The trial court erred therein violating appellant's protected rights to fundamental fairness and due process of law where appellant had alleged in his petition for post conviction relief that the state assistant prosecutor had indicated to appellant's trial counsel (`after trial') that the jury's verdict was not unanimous as required by Ohio Crim. R. 31(A); and, Article I, Section 5 of the Ohio Constitution.
 {¶ 8} "[3.] Appellant's sentence is both `contrary to law' and a `nullity and void' as a matter of law where the trial court inherently failed to advise defendant of the maximum penalty involved as required under Crim. R. 11(C)(2)(a); O.R.C. 2943.032(E) in relations [sic] to post release control.
 {¶ 9} "[4.] The trial court erred `as a matter of law' therein violating appellant's right to procedural due process when it granted the appellee-state's motion to dismiss pursuant to Civil Rule 12(B)(6) urging therein the affirmative defense of res judicata, which, of course cannot be raised through a motion to dismiss under Civ. R. 12(B)(6)."
 {¶ 10} Due to the consolidated nature of these assigned errors, we will address them in a consolidated analysis.
 {¶ 11} Ohio's postconviction relief statute, R.C. 2953.21, provides, in part: *Page 4 
 {¶ 12} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 13} "* * *
 {¶ 14} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporters transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 15} "* * *
 {¶ 16} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." *Page 5 
 {¶ 17} "[T]he trial court is not required to conduct a hearing when a petition for postconviction relief is filed." State v. Ramos, 11th Dist. No. 2007-G-2794, 2008-Ohio-3738, at ¶ 28, citing State v. Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274, at *4. "As the court in the State v. Jackson case stated, `the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause.'" State v. Scheidel, 11th Dist. No. 2004-A-0055, 2006-Ohio-198, at ¶ 11, quoting State v. Jackson (1980),64 Ohio St.3d 107, 110. Regarding this inquiry, this court has held:
 {¶ 18} "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true. * * * However, conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden." State v.Pierce (1998), 127 Ohio App.3d 578, 586. (Internal citations omitted.)
 {¶ 19} A reviewing court uses an abuse of discretion standard of review when reviewing a trial court's determination on a petition for postconviction relief. State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, at ¶ 45. "The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 46, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. (Secondary citations omitted.)
 {¶ 20} Reuschling argues that the trial court erred by failing to make findings of fact and conclusions of law. A trial court is required to make findings of fact and *Page 6 
conclusions of law when dismissing a petition for postconviction relief.State v. Rogers, 1st Dist. No. C-060019, 2006-Ohio-6453, at ¶ 4, citingState v. Lester (1975), 41 Ohio St.3d 51, paragraph two of the syllabus. In this matter, while the trial court did not label a section of its judgment entry as "findings of fact and conclusions of law," the trial court's October 10, 2007 judgment entry adequately addresses Reuschling's arguments and explains the trial court's reasons for denying each of his claims. Accordingly, the judgment entry "satisfies the policy considerations" requiring findings of fact and conclusions of law. State v. Palmer, 7th Dist. No. 05 JE 47, 2006-Ohio-4606, at ¶ 29, citing State v. Farley, 10th Dist. No. 03AP-555, 2004-Ohio-1781, at ¶ 16.
 {¶ 21} Reuschling argues that the trial court erred by granting the state's motion to dismiss. He asserts the state's motion impermissibly argued res judicata, which is not permitted in a Civ. R. 12(B)(6) motion to dismiss. The Tenth Appellate District has held:
 {¶ 22} "`[A] post-conviction proceeding is a statutory creation controlled by the statute's procedural requirements when those requirements conflict with the civil rules.' * * * Unlike Civ. R. 12(B)(6), R.C. 2953.21 requires the court to consider evidentiary materials beyond the pleadings. For example, R.C. 2953.21(C) requires the court to consider, among other things, affidavits that may support the petition. Thus, the trial court appropriately adhered to the statutory requirements for considering appellant's position and did not err by refusing to consider appellee's motion under Civ. R. 56." State v.Conway, 10th Dist. No. 05AP-76, 2005-Ohio-6377, at ¶ 11. (Internal citation omitted.) *Page 7 
 {¶ 23} Under the specific guidelines of R.C. 2953.21, the trial court is permitted to consider evidentiary materials and legal arguments, including the application of res judicata, when ruling on a motion to dismiss a petition for postconviction relief.
 {¶ 24} Reuschling argues that the trial court erred by dismissing some of his claims pursuant to the doctrine of res judicata.
 {¶ 25} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in the judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
 {¶ 26} In a petition for postconviction relief, "[t]o overcome theres judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." State v. Lawson (1995),103 Ohio App.3d 307, 315. (Citation omitted.)
 {¶ 27} Reuschling argues that the jury's verdict was not unanimous. To support his contention, Reuschling cites to his affidavit attached to his petition for postconviction relief. Therein, Reuschling states that several jurors told the assistant prosecutor that the verdict was not unanimous, that the assistant prosecutor relayed this information to his trial counsel, and that his trial counsel told him the information about the allegedly non-unanimous verdict.
 {¶ 28} The Supreme Court of Ohio has held there are several factors that a trial court can consider when assessing the credibility of an affidavit in ruling on a petition for *Page 8 
postconviction relief. State v. Calhoun (1999), 86 Ohio St.3d 279, 285, citing State v. Moore (1994), 99 Ohio App.3d 748, 754-756. Two of those factors are whether the affidavit contains hearsay and whether the statements in the affidavit are contradicted by the evidence in the record. Id.
 {¶ 29} In this matter, Reuschling's assertion is based upon three levels of hearsay. He states that a juror made a comment to the assistant prosecutor, who relayed the comment to his trial counsel, who relayed the comment to Reuschling. Further, Reuschling's assertion is contradicted by the record. The record contains signed verdict forms, indicating that the verdicts were unanimous. These forms were read into the record in open court, with the bailiff individually reading the names of each juror's acquiescence to each verdict. Finally, the trial court asked the jurors in open court whether they agreed to the verdicts. Collectively, the jurors indicated their agreement to the verdict regarding each count of the indictment.
 {¶ 30} We note the jury was not polled. The purpose of polling the jury is to "`give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached * * *.'" State v. Hessler (2000), 90 Ohio St.3d 108, 121, quotingMiranda v. United States (C.A.1, 1958), 255 F.2d 9, 17; and Crim. R. 31(D). Reuschling's trial counsel declined the trial court's invitation to have the jury polled. However, this exchange is fully documented in the trial transcript. Accordingly, this is an issue that Reuschling could have raised in his direct appeal, and his failure to do so bars this argument pursuant to the doctrine of res judicata. *Page 9 
 {¶ 31} Reuschling argues that the trial court failed to adequately inform him about post-release control. This argument fails for several reasons. First, Reuschling did not raise this argument in his petition for postconviction relief. Therefore, this court is precluded from reviewing it. See State v. Vincer, 3d Dist. No. 9-03-32, 2003-Ohio-6703, at ¶ 7. (Citations omitted.) Further, Reuschling's contention is contradicted by the record, in that the trial court did address post-release control at the sentencing hearing. Finally, any perceived error regarding this topic is barred by res judicata, in that it could have been raised on direct appeal.
 {¶ 32} The trial court did not abuse its discretion by granting the state's motion to dismiss and dismissing Reuschling's petition for postconviction relief without a hearing.
 {¶ 33} Reuschling's assignments of error are without merit.
 {¶ 34} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] Since Reuschling's petition was filed within 180 days of the trial transcript being filed in his direct appeal, it was timely filed. See R.C. 2953.21 (A)(2). *Page 1