OPINION
{¶ 1} Appellant Carl J. Fanaro appeals the decision of the Licking County Common Pleas Court which denied his petition for post-conviction relief.
 {¶ 2} On January 27, 2006, the Licking County Grand Jury indicted appellant on a total of 134 counts. The indictment included violations of R.C. 1707.44 for the sale of unregistered securities, the sale of securities without a license and false representation in the sale of securities. The indictment also included violations of R.C. 2913.51 for receiving stolen property and one count of engaging in pattern of corrupt activity in violation of R.C. 2923.32(A)(1).
 {¶ 3} On October 16, 2006, the matter proceeded to trial. Prior to the presentation of evidence, the State moved to dismiss eight counts in the indictment. On October 27, 2006, the jury found appellant guilty of 99 counts in the indictment. The convictions included the following: 27 counts of sales of unregistered securities, in violation of R.C. 1707.44(C)(1); 27 counts of sales of securities without a license in violation of R.C. 1707.44(A)(1); 27 counts of fraudulent practices in the sale of securities, in violation of R.C. 1707.44(G); 17 counts of false representation in the sale of securities, in violation of R.C. 1707.44(B)(4); one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1). The jury was unable to reach a unanimous verdict on the remaining counts for receiving stolen property. Appellant was found guilty of having committed 32 fifth degree felonies, 66 third degree felonies and one first degree felony. Sentencing was deferred pending a pre-sentence investigation. *Page 3 
 {¶ 4} On November 6, 2006, the State moved to voluntarily dismiss the remaining 27 counts for receiving stolen property. On November 8, 2006, the State's motion to dismiss was granted.
 {¶ 5} On December 18, 2006, the trial court sentenced appellant to serve six months on each of the 32 fifth degree felonies and further ordered these sentences to run consecutively to each other for a total of 16 years. The trial court also ordered appellant to serve one year on three of the third degree felonies to run consecutively to each other for a total of three years. The trial court further ordered appellant to serve a five year sentence for the first degree felony conviction for engaging in a pattern of corrupt activity. Finally, the trial court ordered the fifth degree (16 year) and third degree felony (3 year) sentences to run consecutively to each other and all other sentences to run concurrently for a total aggregate sentence of 19 years. Appellant was further ordered to pay restitution and the costs of the action. The fines were waived.
 {¶ 6} Appellant appealed his conviction and sentence in State v.Fanaro, 5th App. No. 2006CA00168, 2008-Ohio-841. Appellant argued the trial court engaged in judicial fact finding in sentencing and that the security violations were allied offenses of similar import and should have been merged. Finally, appellant argued the trial court erroneously allowed the introduction of other acts evidence. This Court affirmed the decision of the trial court.
 {¶ 7} On September 17, 2007, the public defender's office filed a petition to vacate and set aside judgment and sentence pursuant to R.C. 2953.21. On September 19, 2007, the trial court scheduled the petition for "non-oral hearing" for October 17, *Page 4 
2007 at 8:00 A.M pursuant to Loc. R. 5. The State then filed Memoranda Contra the petition on September 28, 2007.
 {¶ 8} On October 10, 2007, the trial court via Judgment Entry denied appellant's petition.
 {¶ 9} On October 12, 2007, Mr. Pusateri, appellant's present counsel, entered a notice of appearance and filed a motion for continuance of the non-oral hearing. On October 15, 2007, appellant's counsel filed a motion for status conference. The State responded with Memoranda Contra appellant's motion for continuance of non-oral hearing.
 {¶ 10} On November 9, 2007, appellant filed a notice of appeal.
 {¶ 11} Appellant raises two Assignments of Error:
 {¶ 12} "I. THE TRIAL COURT ERRED BY RULING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF NINE DAYS PRIOR TO THE DATE SCHEDULED BY THE COURT FOR "NON-ORAL" HEARING, DEPRIVING HIM OF THE CHANCE TO SUBMIT ADDITIONAL MATERIALS, INCLUDING BUT NOT LIMITED TO, A MOTION FOR LEAVE TO FILE AN AMENDED PETITION.
 {¶ 13} "II. THE TRIAL COURT ERRED BY DENYING A HEARING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
 I. {¶ 14} Appellant contends in his first assignment of error that the trial court prejudiced him by ruling on his petition for post conviction relief prior to the non-oral hearing date set by the trial court. We agree. *Page 5 
 {¶ 15} A petition for post-conviction relief allows a criminal defendant who has been convicted and sentenced to a collateral review of constitutional issues. State v. Scott, 5th App. No. 2006CA00090,2006-Ohio-4694; State v. Calhoun, 86 Ohio St.3d 279, 714 N.E.2d 905,1999-Ohio-102. The post-conviction relief process is a civil attack on a criminal judgment and not an appeal. State v. Adams, 11th App. No. 2003-T-0064, 2005-Ohio-348, citing, State v. Steffen (1994),70 Ohio St.3d 399, 639 N.E.2d 67. The civil rules apply in post-conviction relief proceedings because it is a civil and not criminal proceeding.State v. McDowell, 5th App. No. 06CA136, 2007-Ohio-03728; citing,State v. Cottrill, 5th App. No. 2006-CA-79, 2007-Ohio-2006; State v.Milanovich (1975), 42 Ohio St.2d 46, 49, 325 N.E.2d 540. However, a post-conviction relief proceeding is a statutory creation and is controlled by the statutory requirements of R.C. 2953.21 when there is a conflict with the civil rules. State v. Frazier, 6th App. No. L-07-1388,2008-Ohio-5027; State v. Hohvart, 7th App. No. 07MA95, 2008-Ohio-5047;State v. Reuschling, 11th App. No 2008-A-0004, 2008-Ohio-4970; State v.Muff, 5th App. No. 06-CA-13, 2006-Ohio-6215.
 {¶ 16} The non-oral hearing scheduled for the post-conviction relief can be analogized to a non-oral hearing scheduled for a Civ. R. 56 motion for summary judgment. In Mid-American National Bank Trust Co. v.Herr (Nov.30, 1990), 6th App. No. WD-90-8, the Sixth District analyzed this exact issue. The trial court set a filing deadline for motions for summary judgment for January 11, 1990. Id. The bank filed its motion for summary judgment on November 17, 1989. Id. One appellant responded on December 1, 1989 and the other responded on December 18, 1989. Id. Appellants asked in their memoranda that the trial court allow them to supplement with depositions *Page 6 
which were scheduled to be taken prior to the January 4, 1990 deadline. Id. The trial court ruled on the motion on December 29, 1989. Id. The Sixth District held that the trial court was premature in ruling on the motion for summary judgment and that "substantial justice has not been done." Id.
 {¶ 17} In the case sub judice, the trial court ruled on the post-conviction relief on October 10, 2007 which was prior to the non-oral hearing date scheduled for October 17, 2007. This deprived appellant of the opportunity to ask leave of the court to file an amended petition for post-conviction relief pursuant to R.C. 2953.21(F).
 {¶ 18} We find the trial court's premature ruling on the petition for post-conviction relief caused a substantial injustice which prejudiced appellant. Appellant's first assignment of error is sustained.
 {¶ 19} Appellant's remaining assignment of error is moot. Accordingly, the case is reversed and remanded to the trial court for further proceedings consistent with this decision. *Page 7 
 {¶ 20} The judgment of the Licking County Common Pleas Court is reversed and remanded.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1