OPINION
{¶ 1} Appellant, David Reuschling, appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court denied Reuschling's "urgent motion for declariter to determine validity of judgment of conviction and sentence." *Page 2 
 {¶ 2} In April 2006, Reuschling was indicted on five counts. Reuschling pled not guilty to the charges, and a jury trial was held. The jury found Reuschling guilty of possession of methamphetamine, tampering with evidence, illegal manufacture of drugs in the presence of a juvenile, and illegal assembly or possession of chemicals for the manufacture of drugs. The jury found Reuschling not guilty of the remaining count, illegal assembly or possession of chemicals for the manufacture of drugs. Reuschling was sentenced to an aggregate six-year prison term for his convictions.
 {¶ 3} Reuschling appealed his convictions to this court. On direct appeal, this court affirmed his convictions and sentence. State v.Reuschling, 11th Dist. No. 2007-A-0006, 2007-Ohio-6726.
 {¶ 4} In August 2007, Reuschling filed a petition for postconviction relief, which the trial court denied. Reuschling appealed the trial court's denial of his petition for postconviction relief to this court, and we affirmed the trial court's judgment. State v. Reuschling, 11th Dist. No. 2008-A-0004, 2008-Ohio-4970.
 {¶ 5} In July 2008, Reuschling filed an "urgent motion for declariter to determine validity of judgment of conviction and sentence." In his motion, Reuschling asserts that the trial court "convicted" him of a different offense than that which he was indicted. At the sentencing hearing, the trial court referred to the conviction on count five, illegal assembly or possession of chemicals for the manufacture of drugs, as "illegal manufacture of drugs." The trial court denied Reuschling's motion.
 {¶ 6} Reuschling raises the following assignment of error:
 {¶ 7} "Whether a trial court abuses its discretion therein violating due process when it makes a finding of guilt on an offense to which the defendant was not indicted *Page 3 
nor found guilty by the jury and thereupon imposes a sentence which is contrary to law for that unindicted offense."
 {¶ 8} Reuschling argues the trial court "changed" his conviction at the sentencing hearing.
 {¶ 9} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
 {¶ 10} Reuschling did not raise his instant argument in his direct appeal to this court. Since he could have raised it at that time, but did not, his argument is barred by the doctrine of res judicata.
 {¶ 11} Moreover, Reuschling's argument fails on its merits. Reuschling did not object to the perceived error at the sentencing hearing. Thus, he has waived all but plain error. See, e.g., State v. Drummond,111 Ohio St.3d 14, 2006-Ohio-5084, at ¶ 72-73, citing State v. Childs
(1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Plain error exists only where the results of the trial would have been different without the error. State v. Issa (2001), 93 Ohio St.3d 49, 56, citingState v. Moreland (1990), 50 Ohio St.3d 58, 62.
 {¶ 12} In its August 2008 judgment entry, the trial court found that it "shortened" the name of the offense when speaking at the sentencing hearing. However, in its judgment entry of sentence, the trial court noted that Reuschling was found guilty of *Page 4 
count five — "illegal assembly or possession of chemicals for the manufacture of drugs." Further, the court restated the verbatim language of the count in its judgment entry of sentence when it indicated the length of the sentence Reuschling was ordered to serve on count five. We note that a trial court "speaks through its journal entries." State v.Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ 47. (Citation omitted.)
 {¶ 13} In this matter, the exact language of count five was contained in the indictment, the written jury verdict, and the trial court's judgment entry of sentence. As such, we cannot say the results of the proceedings would have been different had the trial court orally mentioned the entire name of the offense at the sentencing hearing. Accordingly, the trial court's statement did not rise to the level of plain error.
 {¶ 14} Reuschling's assignment of error is without merit.
 {¶ 15} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., concur. *Page 1