[Cite as *Jones v. Fowler*, 2019-Ohio-2096.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| RONALD D. JONES, JR., | : | **O P I N I O N** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0083** |
| KEVIN M. FOWLER, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00467.

Judgment: Affirmed.

*Ronald D. Jones, Jr.*, 1933 Sudomer Drive, Mogadore, Ohio 44260 (Petitioner-Appellee).

*Donald J. Malarcik*, 54 East Mill Street, Suite 400, Akron, Ohio 44308 and *Seneca Konturas*, 125 South Water Street, Suite 3/4, Kent, Ohio 44240 (For Respondent-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Kevin M. Fowler, appeals the trial court's order denying his motion for relief from judgment. We affirm.

{¶2} Ronald Jones, Jr. was granted a temporary ex parte civil stalking protection order on June 8, 2018, against Fowler. Following a full hearing before the magistrate, Jones was granted a five-year civil stalking protective order (CSPO) ordering Fowler, in part, to stay 1,000 feet away from Jones, Jones' fiancé, and her three children. The trial

court adopted the magistrate's judgment the same day it was issued, June 13, 2018. The order of protection states that it is a final, appealable order.

**{¶3}** On June 15, 2018, Fowler filed a notice of intention to file objections to the magistrate's decision and a notice that the hearing transcript had been ordered. He did not thereafter file any objections, nor did he seek an extension of time to do so.

**{¶4}** Thereafter, Fowler filed a motion for relief from the trial court's June 13, 2018 decision. The trial court overruled his motion finding that Fowler failed to establish that he was entitled to Civ.R. 60(B) relief and that he failed to file objections to the magistrate's decision.

**{¶5}** Fowler's first assigned error alleges:

**{¶6}** "[1.] The trial court erred in summarily denying appellant's motion to vacate order of June 13, 2018, where appellant had timely filed a notice of intent to file objection to magistrate decision and took necessary steps to review the transcript of proceedings prior to submitting an argument against the manifest weight of the evidence in the form of a motion to vacate. (T.d. ¶1-2.)."

**{¶7}** Fowler challenges the trial court's finding that he failed to file written objections and argues that the CSPO is based on insufficient evidence and is against the manifest weight of the evidence. His arguments in this assignment are based on the incorrect premises that a notice of intent to file objections preserves a litigant's time to file written objections and that objections can be raised in a motion for relief from judgment.

**{¶8}** A magistrate's judgment following a full hearing on a CSPO does not constitute a magistrate's decision or order subject to the requirements of Civ.R. 53(D)(2)

2

or (3). Civ.R. 65.1(F)(3)(b). Instead, a magistrate's judgment following a full CSPO hearing is governed by Civ.R. 65.1(F)(3), which states in part:

{¶9} "(d) Objections.

{¶10} "* * *

{¶11} "(iii) A party filing objections under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order.

{¶12} "(iv) Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶13} Moreover, Civ.R. 65.1(G) states "a party *must* timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." (Emphasis added.)

{¶14} Although a party may file objections to the magistrate's judgment via Civ.R. 65.1(F)(3)(d)(iii) within 14 days, the filing of objections does not stay the execution of the order. Civ.R. 65.1(F)(3)(d)(ii). It is effective automatically, and a trial court's decision

3

adopting a magistrate's judgment granting or denying a CSPO is a final, appealable order. Civ.R. 65.1(G). However, filing objections does stay the time for filing an appeal from the CSPO until the court rules on the objections. Civ.R. 65.1(G).

{¶15} As stated, the trial court here adopted the magistrate's judgment the same day it was issued, June 13, 2018. And although Fowler filed a notice of intent to file objections to the magistrate's judgment, he never filed objections. Fowler also never sought an extension of time to do so. A notice of intent to file objections is not the same as filing objections, and a notice of intent to object does not stay the time for appealing nor does it give a party additional time to object. Additional time may be obtained by leave of court, but Fowler did not request additional time. Civ.R. 65.1(F)(3)(d)(iv).

{¶16} Furthermore, applying Civ.R.65.1(G), several courts have held that when a party fails to file objections to a magistrate's judgment granting or denying a CSPO, then an appeal from that order is prohibited and must be dismissed. *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶22; *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, fn. 2 (finding in part that Civ.R. 65.1(G) was amended to expressly prohibit an appeal when an appellant failed to file timely objections to the trial court's order).

{¶17} Because the points raised under this argument could have been raised as objections, the trial court correctly found that it could not address Fowler's arguments in his motion for relief from judgment. Civ.R. 65.1(F)(3)(d)(iv). Thus, his first assigned error lacks merit.

{¶18} Fowler's second assigned error asserts:

**{¶19}** "[2.] The trial court erred when it denied appellant's motion for relief from judgment per Civil Rule 60(B) and the opportunity to present previously unavailable / newly discovered evidence."

**{¶20}** Appellate courts review decisions denying motions for relief from judgment for an abuse of discretion. *PNH v. Alfa Laval, Inc.*, 189 Ohio App.3d 704, 2010-Ohio-3280, 940 N.E.2d 577, ¶61.

**{¶21}** "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). * * * When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *[State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900,] ¶ 67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶22}** "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or

5

proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113 (1976).

{¶23} Fowler's August 30, 2018, motion for relief from the trial court's June 13, 2018 decision argues three bases for relief under Civ.R. 60(B): (1) that Jones committed fraud by deceiving the court with his testimony and the testimony of his fiancé and her eight-year-old daughter; (2) that the trier of fact made a "mistake of fact" by misunderstanding the video evidence; and (3) that newly discovered evidence exists, i.e., Fowler's grandsons' testimony.

{¶24} Here, Fowler's motion was made in a reasonable time, less than two months after the CSPO, and he raises a meritorious defense, i.e., that the CSPO was improperly granted. For the following reasons, however, Fowler fails to establish he is entitled to relief under one of the grounds in Civ.R. 60(B)(1) through (5).

{¶25} As for Fowler's first ground for relief, i.e., that Jones and his two witnesses lied in their testimony before the magistrate, Fowler presents nothing in support of this contention. The movant bears the burden of proof to come forward with sufficient factual information to warrant a hearing on a motion for relief from judgment. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103-104, 316 N.E.2d 469 (8th Dist.1974). And when the movant fails to set forth any operative facts to assist the trial court in determining whether the alleged grounds for relief exist, a court does not abuse its discretion in denying the motion for relief from judgment. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988) syllabus. Thus, Fowler's unsupported allegation does not warrant relief from the CSPO.

6

**{¶26}** Fowler's second stated ground for relief claims the magistrate committed a "mistake of fact" in interpreting the video presented at the hearing. However, "the mistake contemplated by Civ.R. 60(B)(1) is some mistake on the part of the parties, not a mistake of fact or law by the court. * * *. Mistakes of fact or law may constitute grounds for an appeal, but a motion for relief from judgment may never substitute for an appeal. * * * ." *Genhart v. David*, 7th Dist. Mahoning No. 10 MA 144, 2011-Ohio-6732, ¶17.

**{¶27}** Thus, because Fowler does not aver a mistake of fact consistent with that contemplated by Civ.R. 60(B)(1), his argument does not present sufficient grounds for relief from the decision.

**{¶28}** Moreover, because Fowler's argument could have been raised by way of objection, Civ.R. 65.1(G), it is now barred by res judicata. *State v. Palmer*, 2nd Dist. Montgomery No. 26279, 2014-Ohio-5266, ¶16; *State v. Reuschling*, 11th Dist. Ashtabula No. 2008-A-0055, 2009-Ohio-2091, ¶9, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, (1996) syllabus (holding that the doctrine of res judicata bars a litigant from raising a claim or defense that could have been raised at trial, except in a direct appeal from that judgment).

**{¶29}** Thus, his second basis for relief lacks merit.

**{¶30}** Fowler's final alleged ground for relief claims he is entitled to relief, or that a hearing should be held, to allow his grandsons to testify because they were unavailable to testify at the hearing because they were subject to the initial, temporary ex parte protective order. And because the boys were subject to the order, Fowler claims he was precluded from calling them as witnesses at the hearing. We disagree.

{¶31} Civ.R. 60(B)(2) provides for relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *."

{¶32} Here, Fowler's grandsons were subject to the initial, ex parte civil protection order, but Fowler never moved the court for permission to have them testify. He likewise did not orally request the court to allow them to testify at the hearing. Further, three other individuals subject to the same ex parte protective order, i.e., Jones, his fiancé, and her daughter, were present and testified at the hearing.

{¶33} Thus, Fowler fails to come forward with operative facts showing he had newly discovered evidence since the hearing consistent with Civ.R. 60(B)(2). Thus, this argument lacks merit.

{¶34} Notwithstanding, nothing herein precludes a motion to modify or terminate the order. *T.D. v. C.N.*, 8th Dist. Cuyahoga No. 105994, 2018-Ohio-1840, 113 N.E.3d 123, ¶41, *appeal not allowed,* 153 Ohio St.3d 1475, 2018-Ohio-3637, 106 N.E.3d 1260; *Prostejovsky v. Prostejovsky*, 5th Dist. Ashland No. 06-COA-033, 2007-Ohio-5743, ¶23-24 (modification or termination of a CSPO is permitted when the movant shows the original circumstances have materially changed and the order is no longer equitable).

{¶35} The trial court's decision is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

8